## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | Chapter 11 |
| | § | |
| **Orb Energy Co.,** | § | Case No. 25-80363 |
| | § | |
| *Debtor.* | § | |
| _____ | § | |
| | § | |
| **Orb Energy Co.** | § | |
| | § | |
| *Plaintiff/Counter-Defendant,* | § | Adv. No. _____ |
| | § | |
| v. | § | |
| | § | |
| **Bitmain Technologies Georgia Limited,** | § | |
| | § | |
| *Defendant/Counter-Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| **Jamieson Zaniewski a.k.a. Jamieson Hill,** | § | |
| | § | |
| *Third-Party Defendant.* | § | |

### NOTICE OF REMOVAL

4899-0801-2892 v.3

Bitmain Technologies Georgia Limited ("**Bitmain**") files this Notice of Removal (this "**Notice**") of Cause No. 25-F-0135, styled *Orb Energy Co. v. Bitmain Technologies Georgia Limited v. Jamieson Zaniewski a.k.a. Jamieson Hill*, pending in the 130th Judicial District Court, Matagorda County, Texas (the "**State Court Suit**"), to the United States Bankruptcy Court for the Southern District of Texas.

## BACKGROUND

1. Orb Energy Co. ("**Debtor**"), is the debtor in Case No. 25-80363 (the "**Bankruptcy Case**"),

2. In the State Court Suit, Debtor sued Bitmain for (a) breach of contract, (b) unjust enrichment, and (c) declaratory judgment based on a certain Hosting Sale Agreement between Bitmain and Debtor (the "**HSA**"). Bitmain asserts a breach of contract claim against Debtor and Third-Party Defendant Jamieson Zaniewski/Hill based on the HSA.

3. On August 5, 2025, Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of Texas, Galveston Division. [ECF No. 1].

4. On August 7, 2025, Debtor filed its Motion for Authority to Assume Integrated Executory Contracts and to Determine Cure Amount Pursuant to 11 U.S.C. § 365 [ECF No. 3] which directly concerns the HAS [*see* ECF No. 3-3].

## REMOVAL

5. In the State Court Suit, Bitmain and Debtor assert causes of action against each other for damages resulting from alleged breaches of the HSA. The State Court Suit is both related to the Bankruptcy Case and a core proceeding under the Bankruptcy Code; consequently, this Court has jurisdiction. Therefore, Bitmain removes the State Court Suit to this Court pursuant to 28

U.S.C. §§ 157, 1334, and 1452; Rule 9027, Federal Rules of Bankruptcy Procedure; and Rule 9027-1, Bankruptcy Local Rules.

## BASIS FOR REMOVAL

6. Under 28 U.S.C. § 1452(a), "a party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452 (a).

7. Federal district courts have original and exclusive jurisdiction over all cases under Title 11. 28 U.S.C. 1334(a). Pursuant to 28 U.S.C. § 157(a), federal district courts may refer jurisdiction and authority over cases arising under title 11, or related to a case under title 11, to federal bankruptcy courts. The U.S District Court for the Southern District of Texas, by its General Order 2012-6, dated May 24, 2012, has referred all cases under Title 11 and all proceedings under Title 11 arising in or related to a case under Title 11 to the U.S Bankruptcy Court for the Southern District of Texas.

8. This Court has jurisdiction over the removed State Court Suit pursuant to 28 U.S.C. § 1334. According to 28 U.S.C. § 1334(b), "the district court shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11 or arising in or related to cases under Title 11."

9. Consideration of the State Court Suit is a core proceeding because, among other things, it involves matters concerning the administration of the estate, the HSA, the allowance or disallowance of claims against the estate, and proceedings affecting the liquidation of assets of the estate or the adjustment of the debtor-creditor relationship.

**10.** The State Court Suit may also involve non-core matters the Court may hear and provide the District Court with proposed findings of fact and conclusions of law. *See* 28 U.S.C. § 157(c). Pursuant to 28 U.S.C. § 157(c)(2), Bitmain consents to the entry of final orders and judgments by the Bankruptcy Court on any non-core matters, subject to review under 28 U.S.C. § 158.

**11.** To the extent any claims against any party in the State Court Suit are not removable under bankruptcy jurisdiction, this Court has supplemental jurisdiction over such claims pursuant to 28 U.S.C. §§ 1367 and 1441.

**12.** Venue is proper in this Court because the state court in which the State Court Suit is pending is within this district and division. 28 U.S.C. § 1334; 28 U.S.C. § 1452(a); Fed. R. Bankr. P. 9027.

**13.** As required for removal under 28 U.S.C. § 1452, the State Court Suit is a civil action other than a proceeding before the Tax Court or a civil action brought by a governmental unit to enforce the government unit's police or regulatory power.

**14.** This Notice of Removal is timely filed pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure. Rule 9027(a)(2) provides that if a claim or cause of action in a civil action is pending when a case under the Bankruptcy Code is commenced, a notice of removal may be filed within 90 days after the order for relief in the case. The Debtor filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code on August 5, 2025, and the order for relief was entered contemporaneously with the filing. 11 U.S.C. § 301(b) ("the commencement of a voluntary case under a chapter of the [Bankruptcy Code] constitutes an order for relief under such chapter."). Removal pursuant to 28 U.S.C. § 1452(a) is proper directly to a Bankruptcy Court, rather than to a District Court. *See Industrial Clearinghouse, Inc. v. Mims (In re Coastal Plains, Inc.)*, 338 BR 703 (N.D. Tex. 2006); *see also* L.B.R. 9027-1(a).

15. In compliance with Local Bankruptcy Rule 9027-1, this Notice includes a copy of the docket sheet at **Exhibit 1**. Copies of all "copies of all papers that have been filed in the court from which the case is removed" from will be filed in a separate Index of State Court Papers.

16. A completed Adversary Proceeding Cover Sheet is attached.

17. Written notice of the filing of this Notice of Removal is being served upon counsel for all of the parties herein and on the Clerk of the Court for the 130th Judicial District Court of Matagorda County, Texas.

        Respectfully submitted,

        **NELSON MULLINS RILEY & SCARBOROUGH, LLP**

        By: */s/ Jacob Sparks*
           **JACOB SPARKS**
           Texas Bar No. 24066126
           Email: jacob.sparks@nelsonmullins.com
           5830 Granite Parkway, Suite 1000
           Plano, Texas 75024
           Tel: (469) 484-4758
           Fax: (469) 828-7217

        *Attorneys for Bitmain Technologies Georgia Limited*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served through the Bankruptcy Court's electronic transmission facilities, per S.D. Tex. L.B.R. 9076-1, on August 11, 2025, on persons who have appeared in this case.

By: */s/ Jacob Sparks*
Jacob Sparks