Case 25-08003   Document 3-1   Filed in TXSB on 08/11/25   Page 1 of 15

Filed 4/7/2025 3:58 PM
Janice L. Hawthorne
District Clerk
Matagorda County, Texas
Raven White, Deputy

CAUSE NO. 25-F-0135_____

| | | |
|---|---|---|
| ORB ENERGY CO. | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | MATAGORDA COUNTY, TEXAS |
| | § | Matagorda County - 130th District Court |
| BITMAIN TECHNOLOGIES GEORGIA LIMITED | § § | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Plaintiff ORB ENERGY CO., (hereinafter "Plaintiff") by and through their attorney of record, and files its Original Petition.

I.

DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 of Texas Rules of Civil Procedure 190.

II.

PARTIES

Plaintiff, Orb Energy Co. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 4947 CR 126 Van Vleck, Texas 77482.

Upon information and belief, Defendant, Bitmain Technologies Georgia Limited is a limited partnership organized and existing under the laws of the State of Georgia, with its principal business at 900 Old Roswell Lakes Parkway, suite 310, Roswell, GA 30076. Defendant is doing business in the State of Texas. Defendant may be served with process by serving its registered agent, Cogency Global, Inc., 1601 Elm St., Suite 4360, Dallas, Texas 75201.

III.

JURISDICTION AND VENUE

This court has subject matter jurisdiction because the location of the business venture between Plaintiff and Defendant is located in Matagorda County, Texas.

IV.

STATEMENTS OF FACTS

1.0   INTRODUCTION

This is an action for breach of contract, unjust enrichment, declaratory judgment, and injunctive relief arising from Defendant's material breaches of the Hosting Sale Agreement and Hosting Service Agreement entered into between the parties, as well as Defendant's failure to fulfill its payment obligations under those agreements.  Plaintiff seeks damages, a declaration of the parties' respective rights and obligations, and injunctive relief to prevent Defendant from removing equipment from Plaintiff's facility until all outstanding financial obligations have been satisfied.

2.0   AGREEMENTS

On or about June 19, 2024, Plaintiff and Defendant entered into a Hosting Sale Agreement, pursuant to which Defendant would provide cryptocurrency mining equipment to be hosted at Plaintiff's data center facility.  Because of confidentiality provisions the entire agreement cannot be disclosed.  The front page and signature page of the Hosting Sale Agreement are attached as Exhibit 1.

On the same date, the parties entered into a Hosting Services Agreement, which set forth the terms and conditions under which Plaintiff would provide hosting services for Defendant's mining equipment. Because of confidentiality provisions the entire agreement cannot be disclosed. The front page and signature page of the Hosting Service Agreement are attached as Exhibit 2.

On or about the same period, Plaintiff entered into an Agreement for Electric Service with Jackson Electric Cooperative (the "JEC Agreement") to secure power for the facility where Defendant's equipment would be hosted.

Under the terms of the Hosting Sale Agreement and Hosting Service Agreement, Defendant was obligated to amount other things:

a. Pay a deposit of $1,741,824 to Plaintiff;

b. Pay installation fees of $20 per unit for 5,400 units, totaling $108,000;

c. Pay for all electricity consumed by its mining equipment;

d. Pay water treatment costs of approximately $55,000;

e. Pay the Contribution in Aid of Construction ("CIAC") fee of approximately $100,000 to Jackson Electric Cooperative;

f. Deliver the mining equipment to Plaintiff's facility by August 10, 2024;

g. Maintain a minimum power commitment of 15MW; and

h. Operate the equipment in compliance with the JEC Agreement, including curtailing load during system peaks.

Pursuant to the Hosting Services Agreement, Plaintiff was obligated to provide hosting services for Defendant's equipment at its data center facility located by 4947 CR 126, Van Vleck, Texas 77481.

V.

1.0   EVIDENCE OF BREACH

From the outset, Defendant has materially breached the agreements in numerous ways, including but not limited to:

Payment Breaches:

Defendant has failed to make any payments whatsoever to Plaintiff, including:

a. Failure to pay the required deposit of $1,741,824;

b. Failure to pay installation fees of $108,000;

c. Failure to pay for electricity consumed by its mining equipment;

d. Failure to pay water treatment costs of $55,000; and

e. Failure to pay the CIAC fee of approximately $100,000 to Jackson Electric Cooperative.

Equipment Delivery Breaches:

Defendant failed to deliver the mining equipment until approximately the end of November 2024, nearly four months after the contractually specified delivery date of August 10, 2024.

Technical and Operational Breaches:

Defendant committed numerous breaches by engaging in the following tortious conduct:

a. Installed unauthorized locking firmware on the equipment;

b. Installed malware on systems without authorization containing zero day exploit, a direct threat to US Bitcoin Operations.

c.  Failed to maintain the contractually obligated 15MW minimum power load; and

d.  Failed to curtail load during system peaks as required by the JEC Agreement.

Despite Defendant's material breaches, Plaintiff continued to perform its obligations under the Agreements, including providing facility space, electricity, and maintenance services for Defendant's equipment.

At no point did Plaintiff receive any compensation from Defendant for the services provided.

## 2.0   FALSE ACCUSATIONS

On or about April 3, 2025, Defendant, through its counsel, sent a Notice of Withdrawal to Plaintiff falsely accusing Plaintiff of breaching the agreement by engaging in unauthorized "self-mining" using Defendant's equipment.

In this Notice of Withdrawal, Defendant demanded the return of Bitcoin allegedly mined by Plaintiff using Defendant's equipment and announced its intention to physically remove all equipment from Plaintiff's facility on April 7, 2025.

Defendant's accusations are false and appear to be a pretext to avoid its payment obligations while attempting to retrieve its equipment without compensation Plaintiff for services rendered.

Any mining activities that may have occurred were the result of Defendant's own action, including the installation of unauthorized firmware and/or malware on the equipment.

Defendant's threatened removal of equipment, if carried out, would deprive Plaintiff of its possessory lien rights over the equipment as security for unpaid services and would cause irreparable harm to Plaintiff.

VI.

FIRST CAUSE OF ACTION

BREACH OF CONTRACT

Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

The Hosting Sales Agreement and Hosting Services Agreement constitute valid and enforceable contracts between Plaintiff and Defendant.

Plaintiff has performed all or substantially all of its obligations under the agreements or has been excused from performance due to Defendant's prior material breaches.

Defendant has materially breached the agreements as set forth above, including by failing to pay any amounts due under the agreements, failing to timely deliver equipment, installing unauthorized firmware and malware, failing to maintain minimum power commitments, and failing to comply with load curtailment requirements.

Defendant's breaches occurred prior to any alleged breach by Plaintiff, thereby excusing any subsequent non-performance by Plaintiff under the first material breach doctrine.

As a direct and proximate result of Defendant's breaches, Plaintiff has suffered damages in an amount to be proven at trial, but which exceeds $2,000,000, including unpaid fees, costs incurred in reliance on the agreements, and consequential damages resulting from Defendant's breaches.

VII.

SECOND CAUSE OF ACTION

UNJUST ENRICHMENT (IN THE ALTERNATIVE)

Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

Plaintiff pleads this count in the alternative to the extent the Court determines that no valid and enforceable contract exists between the parties.

Plaintiff conferred benefits upon Defendant by providing hosting services, electricity, maintenance, and infrastructure for Defendant's mining equipment.

Defendant knew of these benefits and accepted and retained them.

Defendant has been unjustly enriched by receiving these benefits without payment, and it would be inequitable for Defendant to retain these benefits without paying fair compensation to Plaintiff.

The reasonable value of the benefits conferred upon Defendant by Plaintiff exceeds $2,000,000.

VIII.

THIRD CAUSE OF ACTION

DECLARATORY JUDGMENT

Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

An actual controversy exists between Plaintiff and Defendant regarding their respective rights and obligations under the Hosting Sales Agreement and Hosting Service Agreement.

Plaintiff seeks a declaratory judgment pursuant to Tex. Civ. Prac. & Remedies Code Section 32.001 et. seq.

a. Defendant materially breached the agreements first, thereby excusing Plaintiff's subsequent performance;

b. Plaintiff is entitled to retain possession of Defendant's equipment until all outstanding financial obligations have been satisfied; and

c. Plaintiff has not breached the agreements as alleged by Defendant.

A declaratory judgment is necessary and appropriate at this time to clarify the parties' legal relations and to terminate the controversy, giving rise to this proceeding.

IX.

FOURTH CAUSE OF ACTION

PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

Plaintiff incorporates by reference all preceding paragraphs as if fully set herein.

Defendant has threatened to physically remove said equipment from Plaintiff's facility on April 7, 2025, without satisfying its outstanding financial obligations.

If Defendant is permitted to remove its equipment without paying the amounts owed to Plaintiff, Plaintiff will suffer immediate and irreparable harm, including;

a. Loss of its possessory lien right in the equipment as security for unpaid services;

b. Inability to recover the substantial amounts owed for services rendered; and

c. Exposure to significant liability under the Agreements.

Plaintiff has a substantial likelihood of success on the merits of its claims.

The threatened injury to Plaintiff outweighs any harm that might result to Defendant from the granting of injunctive relief, as Defendant merely seeks to avoid its financial obligations while Plaintiff faces the loss of its sole means of recovery.

The granting of injunctive relief will not disserve the public interest.

Plaintiff has no adequate remedy at law, as monetary damages alone would be insufficient to compensate Plaintiff for the irreparable harm it would suffer if Defendant removes it equipment without payment.

Plaintiff is therefore entitled to preliminary and permanent injunction relief prohibiting Defendant from removing its equipment from Plaintiff's facility until all outstanding financial obligations have been satisfied.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Orb Energy Co. respectfully requests that this Court enter judgment in its favor and against Defendant Bitmain Technologies Georgia Limited as follows:

a. For compensatory damages in an amount to be proven at trial, but which exceeds $2,000,000;

b. For a declaratory judgment as set forth in Count III;

c. For preliminary and permanent injunctive relief prohibiting Defendant from removing its equipment from Plaintiff's facility until all outstanding financial obligations have been satisfied;

d. For pre-judgment and post-judgment interest as allowed by law;

e. For reasonable attorney's fees and costs incurred in this action to the extent permitted by law or contract; and

    f.   For such other and further relief as the court deems just and property.

                                        Respectfully submitted,

                                        KLEMENT LAW, PLLC

                                        ***/s/ Lynn J. Klement***

                                        Lynn J. Klement
                                        State Bar No.: 11567900
                                        P. O. Box 1744
                                        300 N. Velasco
                                        Angleton, Texas 77516-1744
                                        979-849-1175
                                        979-849-8928 (fax)
                                        klementlynn@gmail.com
                                        ATTORNEY FOR PLAINTIFF

# BITMAIN

### HOSTING SALE AGREEMENT

**THIS AGREEMENT** (the "**Agreement**") is made on June 19, 2024 (the "**Effective Date**")

**BETWEEN:**

(1) **BITMAIN TECHNOLOGIES GEORGIA LIMITED**, a corporation incorporated under the laws of the State of Georgia, the United States of America (File No. 21203283), having its registered office at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA 30076 ("**BITMAIN**"); and

(2) **Orb Energy Co.**, a corporation incorporated under the laws of the State of Delaware, the United States of America (File No. [ 93-4553470 ]), having its registered office at 125 2nd St Brazoria, TX 77422 ("**Service Provider**").

BITMAIN and the Hosting Provider shall be hereinafter referred to individually as a "**Party**" and collectively as the "**Parties**".

**WHEREAS:**

(A) Hosting Provider is the owner and operator of the Data Center Facility (as defined below) and provides Services (as defined below) at the Data Center Facility.

(B) BITMAIN desires to engage Hosting Provider to provide the Services, and Hosting Provider is willing to perform such Services, in each case, in accordance with the terms and conditions of this Agreement.

(C) Hosting Provider agrees to purchase the Products from BITMAIN at a favorable price.

(D) The Parties desire to enter into this Agreement and make the respective representations, warranties, covenants and agreements set forth herein with respect to the abovementioned collaboration between the Parties on the terms and conditions set forth herein.

**NOW, THEREFORE,** in consideration of the premises and the mutual covenants set forth in this Agreement, the parties agree as follows:

**1. DEFINITIONS AND INTERPRETATIONS**

1.1. Unless otherwise defined herein, the following terms shall have the meanings ascribed to them below:

"**Actual Hosting Unit Price**" means the effective unit price per kWh applicable during the relevant Billing Period for the Hosting Service, which shall initially be the same as the Discounted Hosting Unit Price set forth in Schedule C, subject to the adjustment mechanism in accordance with Clause 3.9 of Schedule B (if applicable).

"**Affiliate(s)**" means, with respect to any Person, any other Person directly or indirectly Controlling, Controlled by, or under common Control with such Person.

# BITMAIN

**IN WITNESS WHEREOF**, the undersigned have executed this Agreement on the date first written above.

Signed for and on behalf of BITMAIN

BITMAIN TECHNOLOGIES GEORGIA LIMITED

Signature: *Cheng Ran*
Name: _____
Title: _____

[Seal: BITMAIN TECHNOLOGIES GEORGIA LIMITED — INCORPORATED JULY 23 2021 GEORGIA]

Signed for and on behalf of Hosting Provider

Orb Energy Co.

Signature: _____
Name: Jamieson Zaniewski, CEO
Title: _____



**BITMAIN** v6.6.4

Agreement Reference Number: BMHS-OEC202406-01

## HOSTING SERVICES AGREEMENT

THIS AGREEMENT (the "**Agreement**") is made on June 19, 2024.

**BETWEEN:**

(1) **BITMAIN TECHNOLOGIES GEORGIA LIMITED**, a corporation incorporated under the laws of the State of Georgia, the United States of America (File No. 21203283), having its registered office at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA 30076 ("**BITMAIN**"); and

(2) **Orb Energy Co.**, a corporation incorporated under the laws of the State of Delaware, the United States of America (File No. [ 93-1553470 ]), having its registered office at 125 2nd St Brazoria, TX 77422 ("**Service Provider**").

Each of the parties to this Agreement is referred to herein individually as a "**Party**" and collectively as the "**Parties**".

**WHEREAS:**

(A) Service Provider is the owner and operator of the Data Center Facility (as defined below) and provides Services (as defined below) at the Data Center Facility.

(B) BITMAIN desires to engage Service Provider to provide the Services, and Service Provider is willing to perform such Services, in each case, in accordance with the terms and conditions of this Agreement.

(C) The Parties have entered into the Hosting Sale Agreement dated June 19, 2024.

**NOW, THEREFORE,** in consideration of the premises and the mutual covenants set forth in this Agreement, the parties agree as follows:

## 1. DEFINITIONS AND INTERPRETATIONS

1.1. In this Agreement, these expressions have the following meanings:

"**Actual Hosting Unit Price**" means the effective unit price per kWh applicable during the relevant Billing Period set forth in APPENDIX I hereto, which shall initially be the same as the Normal Hosting Unit Price set forth in APPENDIX I, subject to the adjustment mechanism in accordance with Article 3.2 and/or Article 6.9(c) (if applicable).

"**Affiliate**" means, with respect to any Person, any other Person that directly or indirectly Controls, is Controlled by, or is under common Control with such Person.

"**Applicable Law**" means any treaty, law, decree, order, regulation, decision, statute, ordinance, rule, directive, code or other document that has legal force under any system of law, including, without limitation, local law, law of any other state or part thereof or international law, and which creates or purports to create any requirement or rule that



EXHIBIT 2



IN WITNESS WHEREOF, the undersigned have executed this Agreement on the date first written above.

Signed for and on behalf of BITMAIN

**BITMAIN TECHNOLOGIES GEORGIA LIMITED**

Signature: *Cheng Ran*
Name:
Title: Director

[Seal: BITMAIN TECHNOLOGIES GEORGIA LIMITED INCORPORATED — JULY 23, 2021 — GEORGIA]

Signed for and on behalf of Service Provider

**Orb Energy Co.**

Signature: _____
Name: Jamieson Zaniewski, CEO, Orb Energy Co.
Title: _____

## DECLARATION OF JAMIESON ZANIEWSKI AND IN SUPPORT
## OF REQUEST FOR TEMPORY INJUNCTION

I, JAMIESON ZANIEWSKI, declare:

1. I am the CEO of ORB ENERGY CO., the Plaintiff in Plaintiff's Original Petition containing a request for injunction relief, in a lawsuit styled ORB ENERGY CO. (as Plaintiff) vs. BITMAIN TECHNOLOGIES GEORGIA LIMITED (as Defendant), to be filed in the District Court of Matagorda County, Texas, and to which this declaration is attached.

2. Plaintiff's Original Petition, to which this affidavit is attached, requests a temporary injunction to enjoin Defendant, BITMAIN from certain acts as set out in said Petition. The injunction sought, among other things, by the petition is to be returnable to and triable in the District Court of Matagorda County, Texas.

3. The facts contained in paragraph IV and V in Plaintiff's Original Petition are true and correct.

_____
Jamieson Zaniewski

My name is JAMIESON ZANIESKI, my date of birth is 7/25/1986, and my address is 4947 CR 126, Van Vleck, Texas 77482. I declare under penalty of perjury that every statement in the foregoing Declaration and in Support of Request for Temporary Injunction Order are within my personal knowledge and is true and correct:

Executed in Brazoria County, State of Texas, on the ___7___ day of April 2025.

_____
Jamieson Zaniewski

Sworn to and subscribed before me on this 7th day of April 2025, by Jamieson Zaniewski.

_____
Notary Public for State of Texas

KAREN JOY MOUTON
Notary Public, State of Texas
Comm. Expires 01-24-2027
Notary ID 6446795

EXHIBIT 3