IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| IN RE: | § | |
| ORB Energy Co., | § | Case No.: 25-80363 |
| Debtor | § | Chapter: 11 |

| | | |
|---|---|---|
| ORB Energy Co. | § | |
| | § | |
| v. | § | |
| | § | |
| Bitmain Technologies | § | |
| Georgia Limited | § | Adversary No.: 25-08003 |
| | § | |
| v. | § | |
| | § | |
| Jamieson Zaniewski A/K/A | § | |
| Jamieson Hill | § | |

**JAMIESON ZANIEWSKI'S MOTION FOR ABSTENTION
UNDER 28 U.S.C. § 1334(c)**

TO THE HONORABLE ALFREDO R. PEREZ, UNITED STATES BANKRUPTCY JUDGE:

Third-Party Defendant, Jamieson Zaniewski ("*Zaniewski*") files this Motion for Abstention pursuant to 28 U.S.C. § 1334(c), and would show the Court as follows.

# I.
# Relief Requested

1.     Zaniewski was named as a third-party defendant in a State Court action filed by the debtor, Orb Energy Co. ("**Debtor**" or "**Orb**") against Bitmain Technologies Georgia Limited ("**Bitmain**") in the district court in Matagorda County, Texas ("**State Court Case**").

2.     Zaniewski seeks mandatory abstention of Bitmain's third-party claims against him under 28 U.S.C. § 1334(c)(2). All of Bitmain's claims against Zaniewski are based on state law claims or causes of action, the claims are related to the Chapter 11 case but not arising under title 11 or in a case under title 11, and an action for those claims could not have been commenced in a United States district or bankruptcy court.

3.     Alternatively, Zaniewski seeks permissive abstention under 28 U.S.C. § 1334(c)(1) because abstention would be the interest of justice, or in the interest of comity with State Courts or respect for State law.

# II.
# Background

A.     **Brief procedural history of the State Court Case.**

4.     Orb owns a data center in Van Vleck, Texas. Orb sued Bitmain in the State Court Case[1] for breach of the Hosting Sale Agreement and Hosting Service Agreement ("**Agreements**"), in connection with Orb's development and operation of a bitcoin mining operation at the data center. Zaniewski is Orb's president and CEO. Bitmain judicially admits Zaniewski signed the Agreements as Orb's president. (ECF #3-3, at p. 5, ¶ 25 ("Zaniewski signed the Agreement on behalf of Orb")).

---

[1] Cause No. 25-F-0135, Orb Energy Co. v. Bitmain Technologies Georgia Ltd., 130th District Court, Matagorda County, Texas

5. Orb sued Bitmain in the 130th District Court, Matagorda County, Texas ("**State Court**") on April 7, 2025. On April 8 – the next day – Bitmain filed a separate action in State Court against Orb and Zaniewski, individually. (ECF #3-3). Curiously, Bitmain's State Court pleadings allege Orb and Zaniewski *both* breached the Hosting Sale Agreement even though Zaniewski was never a party to the contract. (Doc #3-3, pp. 10-11, ¶¶ 50-57). Bitmain did not allege any other causes of action against Zaniewski. Only the state law breach of contract claim. Bitmain also alleges that Zaniewski was a Texas resident for purposes of personal jurisdiction. (ECF #3-3, p.2, ¶5).

6. The parties agreed to consolidate the actions with Orb as the plaintiff, Bitmain as defendant, and Zaniewski as a third-party defendant. (ECF #3-15).

7. On May 6, the State Court signed a Temporary Injunction providing, among other things, that Orb was authorized to maintain possession and control of the bitcoin mining equipment for 60 days and use the proceeds of the bitcoin to pay for certain operational expenses delineated in the order. Specifically, electricity, internet services, payroll, insurance, security and maintenance of the data center, and any other expenses approved by the court. (ECF #3-20). Orb, in turn, was required to provide Bitmain with physical access to the data center, allow Bitmain to install remote monitoring software, and provide weekly accounting reports showing all bitcoin mined and all use of the proceeds. (*Id.*). Importantly, the Temporary Injunction did **not** impose any obligations on Zaniewski individually. (*Id.*). All the obligations are addressed solely to **Orb** and **Bitmain**. (*Id.*).

8. The Temporary Injunction was set to expire on Saturday, July 5, 2025. (*Id.*).

9. On July 3, the State Court extended the Temporary Injunction to August 6. (ECF #3-27).

10. On Thursday, July 24, the State Court signed an Order Clarifying Temporary Injunction ("**Clarifying Order**"). (ECF #3-35). Under the Clarifying Order, the Temporary Injunction remained in place through August 6 but Orb was required to provide Bitmain a detailed accounting of all bitcoin mined "to date." (*Id.*). Orb was also required to produce unredacted reports from a bitcoin exchange website called "Coinbase" showing all transfers of any bitcoin mined. (*Id.*). Orb was also required to produce the unredacted "wallet address" it used for any bitcoin mined. (*Id.*).[2]

11. The accounting report, Coinbase reports, and wallet address were due within 3 days of the entry of the Order, which made them due on Monday, July 28 since the third day fell on a Sunday. (*Id.*); *see also* TEX. R. CIV. P. 4.

12. On August 5, 2025 (the "**Petition Date**"), the Orb filed its Voluntary Petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 ("**Chapter 11 Case**").[3]

13. On August 11, Bitmain filed a Notice of Removal removing the State Court Case into this Adversary Proceeding. (ECF #1).

**B.     Bitmain's claims against Zaniewski.**

14. Bitmain only alleges a single cause of action for damages against Zaniewski in the State Court Case: breach of the Hosting Sale Agreement. (Doc #3-3, pp. 10-11, ¶¶ 50-57).

15. Additionally, prior to removal, Bitmain filed numerous motions in the State Court Case alleging that Orb violated the Temporary Injunction and the Clarifying Order. To wit, Bitmain filed: (1) Motion for Issuance of Show Cause Order, Motion for Contempt, and Motion

---

[2] In cryptocurrency, a "wallet" is any type of device, physical medium, program, or online service stores the public or private keys to the asset.
[3] Case No. 25-80363, In re Orb Energy Co., In the United States Bankruptcy Court, Southern District of Texas, Galveston Division.

for Sanctions dated July 24, 2025, and (2) Emergency Motion to Enforce Court Orders, Request for Sanctions and Application for Special Writ dated August 4, 2025, (collectively, "**Sanctions Motions**"). (ECF ##s 3-36 and 3-40). The Sanctions Motions generally claim that **Orb** violated the State Court injunction orders by, among other things: (1) improper use of bitcoin proceeds during the injunction period, (2) failing to provide timely reports, (3) refusing Bitmain personnel entry into the data center, (4) failing to properly maintain the servers from loss or damage, or to report damaged equipment to Bitmain, (5) failing to allow Bitmain to install remote monitoring software, and (6) failing to provide the supplemental accounting, Coinbase report, and wallet address under the Clarifying Order. (ECF ##s 3-36 and 3-40).

16.   Importantly, the Sanctions Motions address all these allegations against **Orb**. They do not identify any act or omission that **Zaniewski** allegedly performed or failed to perform under the State Court injunction. (ECF ##s 3-36 and 3-40). The only allegations against Zaniewski are that he allegedly violated TEX. R. CIV. P. 13 by signing verified pleadings in the State Court Case swearing that Orb had fully complied with the injunction orders when (according to Bitmain) that was not true.[4] (ECF #3-36, pp. 2-5, 8).

17.   In other words, the Sanctions Motions accuse Orb of violating the Injunction Orders and accuse Zaniewski of signing pleadings in State Court falsely swearing that Orb did not violate the Injunction Orders. (ECF #3-36, pp. 2-5, 8).

18.   Zaniewski filed a response to the Sanctions Motions generally denying all of Bitmain's allegations. He further argued that Bitmain could not proceed on the Sanctions Motions

---

[4] The Motion for Issuance of Show Cause Order also arguably alleges Zaniewski violated TEX. R. CIV. P. 13 by signing a verified denial alleging that, in the alternative to Orb's general denial, the Hosting Sale Agreement failed for lack of consideration. Bitmain argues this pleading was groundless and brought in bad faith because Orb has sued to enforce the Hosting Sale Agreement and thus it cannot simultaneously claim the agreement fails. However, the verified denial clearly states the consideration defense was plead in the alternative to Orb's general denial. (ECF #3-13, p.1, ¶2).

against Orb without violating the automatic stay under 11 U.S.C. § 362(a). Zaniewski further argued that, based on the unusual circumstances presented, the stay extended to Bitmain's claims against Zaniewski for two reasons. First, Orb's bylaws require Orb to indemnify Zaniewski for any claims arising from or by reason of him being Orb's agent provided he was acting in good faith. Second, based on the way the Sanctions Motions were pleaded, any ruling against Zaniewski would effectively be a ruling against Orb in violation of the automatic stay. (ECF #3-47).

19.  The Sanctions Motions were set for an oral hearing on August 11 at 9:00 am in person. (ECF #3-41). On the day of the hearing, at 8:59 am, and without appearing in the courtroom, Bitmain's counsel notified the State Court (via email to court staff) that it was cancelling the hearing and would be removing the State Court Case to federal court.

20.  This adversary proceeding followed.

### III.
### Argument and Authorities

**A.  This adversary proceeding is stayed as to Orb.**

21.  Orb is the debtor in the bankruptcy matter. This adversary proceeding is an action against Orb. Thus, the adversary proceeding is stayed as to Orb under 11 U.S.C. § 362(a).

**B.  The State Court Case is subject to mandatory abstention.**

22.  Pursuant to 28 U.S.C. § 1334(c)(2):

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, **the district court shall abstain** from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

11 U.S.C. § 1334(c)(2) (emphasis added).

23. The bankruptcy courts in the Southern District of Texas have held that mandatory abstention applies to state law claims based on the following essential elements: (1) the claims have no independent basis for federal jurisdiction other than § 1334(b), (2) the claims are non-core, (3) an action has been commenced in State Court, and (4) the action can be timely adjudicated in State Court. *The Cadle Co. v. Moore (In re Moore)*, 739 F.3d 724, 728–29 (5th Cir. 2014); *In re Mugica*, 362 B.R. 782, 793 (S.D. Tex. 2007) (mem. op.) (citing *Patterson v. Morris*, 337 B.R. 82, 92 (E.D. La. 2006)).

24. Applying these elements to this case, this Court should abstain from hearing Bitmain's claims against Zaniewski.

25. Zaniewski does not dispute the State Court claims against him fall under the "related to" requirement of Section 1334(b). Further, there is no dispute that the State Court action was already on file at the time of removal. Thus, the only remaining elements are whether there is an independent basis for federal jurisdiction, whether the claims are non-core, and whether they can be timely adjudicated in State Court. All of these elements are present.

### i. *There is no independent basis for federal jurisdiction other than § 1334(b).*

26. Section 1334(b) grants bankruptcy courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Bitmain's Notice of Removal alleges this Court has jurisdiction because the State Court Case is "related to" the Debtor's Chapter 11 proceeding. (ECF #1, p.2, ¶5).

27. However, there is no other basis for federal jurisdiction over these claims. None of Bitmain's causes of action assert any cause of action under federal law or raise any federal question with respect to Zaniewski. 28 U.S.C. § 1331. Its only causes of action against Zaniewski in this

case are state law claims for breach of contract and sanctions relief in State Court. None of these claims arise from or relate to any federal law or question.

28. Likewise, there is no basis for diversity jurisdiction. Bitmain's State Court petition alleges it is a Georgia limited partnership. (ECF #3-1, p.2). It further alleges that Orb is incorporated in Delaware. (*Id.*). However, it also alleges that Zaniewski is Orb's CEO and that he is a Texas resident for jurisdictional purposes. (*Id.*). Bitmain further alleges that Orb "operates a data center [in] Matagorda County, Texas, which is the basis for the instant lawsuit. In its contract with Bitmain, Defendant Orb lists its address as 125 2nd Street, Brazoria, TX 77422." (*Id.*).

29. For diversity jurisdiction to exist, there must be complete diversity of the parties. Furthermore, 28 U.S.C. § 1441(b)(2) states, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Given that Bitmain alleges Zaniewski is a resident of the forum state where the State Court action was filed, diversity is not complete and removal is improper.

### ii. *The State Court claims against Zaniewski are non-core.*

30. 28 U.S.C. § 157(b) defines core and non-core proceedings. To constitute a core proceeding, the matter must also generally arise under title 11 or arise in a title 11 bankruptcy case to constitute a core proceeding. "The Fifth Circuit has defined core versus non-core matters consistent with [28 U.S.C. § 1334(b)'s] jurisdictional grants of authority. A case arises under title 11 if the proceeding involves a right created by the federal bankruptcy law. A case arises in a case under title 11 if the proceeding is one that would arise only in bankruptcy. If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding under § 157(c)(1) it is an 'otherwise related'

or non-core proceeding." *Longhorn Partners Pipeline L.P. v. KM Liquids Terminals, L.L.C.*, 408 B.R. 90, 96 (Bankr. S.D. Tex. 2009) (citing *Wood v. Wood* (*In re Wood*), 825 F.2d 90, 96–97 (5th Cir. 1987) (internal citations and quotations omitted).

31. None of Bitmain's claims against Zaniewski arise under the Bankruptcy Code or could only arise in a bankruptcy case. They are all state law claims for breach of contract and sanctions relief for alleged State Court pleading violations. Thus, they are non-core claims.

### iii. Bitmain's claims against Zaniewski can be timely adjudicated in State Court.

32. Orb filed the State Court Lawsuit on April 7, 2025. Bitmain filed its separate lawsuit naming Orb and Zaniewski as defendants on April 8. Bitmain's lawsuit was consolidated into Orb's and the parties were realigned with Orb as the Plaintiff, Bitmain as the Defendant, and Zaniewski as a Third-Party/Defendant. The State Court entered a Docket Control Order on July 3, 2025, setting the case for trial on April 4, 2026. (ECF #3-26).

33. As indicated above, the only cause of action Bitmain asserts against Zaniewski is a state law claim for breach of contract. (ECF #3-3, pp.10-11, ¶¶ 50-57). However, Bitmain's own evidence shows that Zaniewski was never a party to the Hosting Sale Agreement in his individual capacity. He signed the contract solely in his capacity as president and CEO of Orb, the debtor. (ECF #3-3, p.70). Zaniewski is not listed as being a contracting party to the Hosting Sale Agreement. The only parties listed are Bitmain as the seller and Orb as the "Service Provider" or "Hosting Provider". (ECF #3-3, p.13). Bitmain does not allege any other causes of action against Zaniewski. Nor does Bitmain allege any basis for Zaniewski to be held individually liable for Orb's alleged contract breaches. All of these issues can be adjudicated without a trial by means of a summary judgment under state law. Likewise, the state law sanctions claim can be easily and quickly adjudicated by the State Court without a trial by means of an evidentiary hearing.

34. Thus, all of Bitmain's claims against Zaniewski can be easily and timely adjudicated in State Court.

C. **Alternatively, the Court should grant equitable or discretionary abstention.**

35. Even if the Court finds that mandatory abstention is not required, the Court still has power to abstain to hear Bitmain's claims against Zaniewski. 28 U.S.C. § 1334(c)(1) ("[N]othing in [28 U.S.C. § 1334] prevents a district court in the interest of justice, or in the interest of comity with State Courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.")

36. The bankruptcy courts in the Fifth Circuit have held that the "[s]pecific factors courts typically use to determine whether to abstain in their discretion or to grant remand on equitable grounds are substantially the same." *In re Brooks Mays Music Co.*, 363 B.R. 801, 814 (Bankr. N.D. Tex 2007). "Consequently, if discretionary abstention seems appropriate, the case should be remanded to the State Court." *Id.*

37. The factors are:

a) the effect or lack thereof on the efficient administration of the estate if the court recommends remand or abstention;

b) extent to which state law issues predominate over bankruptcy issues;

c) difficult or unsettled nature of applicable law;

d) presence of related proceeding commenced in State Court or other non-bankruptcy proceeding;

e) jurisdictional basis, if any, other than § 1334;

f) degree of relatedness or remoteness of proceeding to main bankruptcy case;

g) the substance rather than the form of an asserted core proceeding;

h) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in State Court with enforcement left to the bankruptcy court;

i) the burden of the bankruptcy court's docket;

j) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

k) the existence of a right to a jury trial;

l) the presence in the proceeding of nondebtor parties;

m) comity; and

n) the possibility of prejudice to other parties in the action.

*Brooks Mays Music Co.*, at 817 (collecting cases).

38. Virtually all these factors weigh in favor abstention and/or remand of the state law claims against Zaniewski.

39. **_Factors (a) — (c)_**. Abstention or remand will not have any material effect on the administration of the debtor's estate. The debtor has already filed motions in the Chapter 11 case seeking to assume the Hosting Sale Agreement and Hosting Service Agreements, which Bitmain has challenged. The Chapter 11 Court can adjudicate those claims and administer the resulting estate. None of those issues have anything to do with the State Court claims against Zaniewski. For the same reason, state law issues clearly predominate over all of Bitmain's claims. The contracts at issue say they are governed by Texas law and the events giving rise to this dispute took place or occurred primarily in Matagorda County, Texas. (Doc #3-3, pp. 19, 33 (defining "State of Texas" as the "Relevant Jurisdiction" and providing that the contract is governed by the law of the "Relevant Jurisdiction")). Moreover, none of Bitmain's claims against Zaniewski in his individual capacity have anything to do with bankruptcy issues, particularly the sanctions claim for alleged State Court pleadings violations. Similarly, none of the law applicable to these claims is difficult or unsettled. Bitmain's claims are governed by bog standard Texas law relating to breach of contract claims. None of them involve any novel or complex legal issues.

40. Moreover, the sanctions claims against Zaniewski are clearly and exclusively state law issues. Bitmain alleges Zaniewski violated TEX. R. CIV. P. 13 and TEX. CIV. PRAC. & REM. CODE § 10.001 by signing what it claims are false declarations to support sworn pleadings in the State Court case. While Zaniewski denies all these allegations, there is no question that the alleged sanctionable conduct occurred outside the presence of this Court. The State Court is uniquely and primarily qualified to adjudicate these sanctions claims. The State Court also has a stronger interest in policing the alleged conduct of the parties before it.

41. **_Factors (d), (e)_**. Turning to factors (d) and (e), Orb first filed this action in State Court seeking state law claims for breach of contract in a non-bankruptcy proceeding. Bitmain removed this case after extensive State Court litigation and only minutes before a hearing on its State Court motion for sanctions against Zaniewski. The only basis for federal jurisdiction of the adversary claims is diversity, but that is obviated because Bitmain alleges Zaniewski is a forum-defendant.

42. **_Factor (f)_**. This case does have certain relations to the Chapter 11 Case. Specifically, Zaniewski alleged in State Court that he was entitled to contractual indemnity under Orb's bylaws. (ECF #3-46, pp. 5-10, ¶¶ 13-25). Specifically, Section 6.1 of Orb's Bylaws dated November 24, 2023, require Orb to "indemnify each of its directors and officers against expenses (including attorneys' fees), judgments, fines, settlements and other amounts actually and reasonably incurred in connection with any proceeding, arising by reason of the fact that such person is or was an agent of the corporation." (ECF #3-46, p.34). Zaniewski argued in the State Court that Orb was potentially obligated to indemnify him in connection with Bitmain's claims – including Sanctions Motions – and thus any ruling against him would effectively be a ruling against the debtor in violation of the automatic stay. (ECF #3-46, pp. 5-10, ¶¶ 13-25). Moreover,

all of Bitmain's sanctions allegations against Zaniewski in the State Court Case are based on alleged acts or omissions in his capacity as Orb's president. (ECF #3-39). Thus, any rulings or final judgments against Zaniewski in the State Court Case will potentially impact Orb's bankruptcy estate in the Chapter 11 case.

43. This factor alone does not require the Court to deny abstention. The Court should weigh all the factors and exercise its discretion to abstain because, under the circumstances presented, all the other factors lean in favor of allowing the State Court to adjudicate the claims against Zaniewski.

44. ***Factors (g) and (h)***. Both of these factors weigh in favor of abstention. The substance of the adversary proceeding is a straightforward breach of contract claim under state law, and Zaniewski is not even a party to the contract Bitmain sues on. These claims are easily severed from any alleged core bankruptcy matters because the State Court can adjudicate whether Zaniewski is a party to the Agreements vis a vis summary judgment. Judgment can be entered in State Court and any enforcement can be easily handled by the bankruptcy court in the Chapter 11 case. To the extent that Zaniewski is entitled to indemnity from Orb, that claim can be administered by the Chapter 11 Court. This may require a stay of the litigation against Zaniewski until after the Chapter 11 Court rules on the pending Motions and a Chapter 11 plan is confirmed. However, staying the litigation against Zaniewski is a straightforward matter that will not cause unreasonable delay to any party.

45. ***Factors (i) and (j)***. These factors weigh in favor of abstention. Abstention of the adversary claims against Zaniewski will save this Court's valuable judicial resources.

46. There is also evidence that Bitmain is forum shopping. The trial record from the State Court shows that Bitmain lost numerous hearings before Orb filed for Chapter 11. To wit,

Bitmain argued in State Court that the Hosting Sale Agreement gave it the unfettered right to unilaterally access Orb's data center and remove all the equipment and sought injunctive relief to that effect. (ECF #3-2, p.8 ¶ 43). The State Court at first signed an *ex parte* Temporary Restraining Order on April 8 purporting to allow Bitmain to enter the site and remove the equipment. (ECF #3-6). However, two days later on April 10, the State Court *sua sponte* signed an Amended Temporary Restraining Order recognizing that the prior order was an improper ruling on the merits of the underlying claims. (ECF #3-8, p.3). The Amended Temporary Restraining Order removed Bitmain's ability to enter the site or recover the equipment, but ordered Orb not to sell or dispose of any bitcoin being mined or transfer the proceeds thereof. (ECF #3-8, p.4).

47.     The State Court held a Temporary Injunction hearing on April 28. The hearing was on *Bitmain's* Application for Temporary Injunction, which sought the same relief as their request for a temporary restraining order. Namely, the right to enter the property and remove the servers. The State Court again declined to grant such relief. Instead, the State Court signed a Temporary Injunction holding that allowing immediate removal of the servers and equipment would effectively put *Orb* out of business and therefore cause irreparable harm to *Orb*. (ECF #3-19). The Temporary Injunction granted Orb the right to maintain possession and control of the servers and use the cryptocurrency generated thereby to pay certain operating expenses for sixty (60) days beginning on May 6 and ending on July 5. (*Id.*).

48.     On July 1, Orb filed a Motion for Extension of the Temporary Injunction based on the fact that the parties were then engaged in settlement discussions and requesting time to attend mediation. (ECF #3-22).[5] On July 2, the State Court extended the Temporary Injunction to August

---

[5] Bitmain's counsel Kasi Chadwick filed a letter with the State Court on July 3 contending that it had already terminated settlement discussions and had no interest in pursuing mediation. (ECF #3-28). Thus, Bitmain argued the Motion for Extension was improper and misrepresented the status of settlement discussions. However, Bitmain did

5, granting Orb the right to continue operating and mining the servers for an additional 30 days. (ECF #3-26). Bitmain strongly opposed extension, and subsequently filed a Motion for Reconsideration on July 7. (ECF #3-28). The State Court denied the motion after an oral hearing on July 14 and ordered the parties to attend mediation. The State court subsequently entered an Order Clarifying Temporary Injunction dated July 24 (ECF #3-34). The Clarifying Order imposed additional accounting and reporting requirements on Orb, but still allowed Orb to operate and mine using the servers through at least August 5. (*Id.*).

49. In other words, Bitmain suffered adverse rulings on virtually all its claims for relief before removal. The State Court repeatedly rebuffed Bitmain's efforts to enter the data center and remove the servers, each time over Bitmain's strong objections. Thus, the evidence shows Bitmain has had a losing record in the State Court and may be engaging in forum shopping by seeking removal to this Court.

50. **_Factors (k) — (n)_**. These remaining factors all weigh in favor of abstention. First, Zaniewski is entitled to a jury trial on the claims against him. Although both the Hosting Sale Agreement and Hosting Service Agreement contain arbitration clauses, Zaniewski is not a party to either contract in his individual capacity. (ECF #3-3, pp. 3, 70). Thus, he is not bound by the arbitration clauses and is entitled to a jury trial. Zaniewski is also a non-debtor party in this adversary proceeding and the claims against him are imminently and easily severable.

51. Moreover, principles of comity militate in favor of this Court abstaining from deciding these purely state-law claims and allow them to proceed in State Court where they were originally filed.

---

not formally terminate settlement discussions until *after* the Motion for Extension had already been filed. (ECF #3-31, pp.6-7, ¶¶ 17-20).

**MOTION FOR ABSTENTION**  **PAGE 15 OF 17**

52. Finally, there is no risk of prejudice to any other party. There is no risk to Bitmain because abstention of its claims against Zaniewski will have no impact on its claims against Orb, the debtor and the only other party to the contract Bitmain sued on.

## IV.
## Conclusion and Prayer

For the reasons state above, Jamieson Zaniewski respectfully prays that the Court grant mandatory abstention under 28 U.S.C. § 1334(c)(2). Alternatively, Zaniewski respectfully prays that the Court grant discretionary abstention under 28 U.S.C. § 1334(c)(1). Zaniewski further prays that the Court award him any other relief to which he may be entitled at law or equity.

Respectfully submitted,

**BOYARMILLER**

By: _____
KY JURGENSEN
kyjurgensen@boyarmiller.com
S.D. Tex. Bar No.: 1339700
Texas Bar No.: 24071804
2925 Richmond Ave., 14th Floor
Houston, Texas 77098
T: (713) 850-7766
(713) 552-1758 (Fax)

**ATTORNEYS FOR JAMIESON ZANIEWSKI**

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 19, 2025, a true and correct copy of the foregoing document was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

*/s/ Ky Jurgensen*
Ky Jurgensen