## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **Orb Energy Co.,** | § | **Case No. 25-80363** |
| | § | |
| *Debtor.* | § | |
| | § | |
| | § | |
| **Orb Energy Co.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Adv. No. 25-08003** |
| | § | |
| **Bitmain Technologies Georgia** | § | |
| **Limited,** | § | |
| | § | |
| *Defendant,* | § | |
| | § | |
| | § | |
| **Bitmain Technologies Georgia** | § | |
| **Limited,** | § | |
| | § | |
| *Counter-Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **Orb Energy Co. and Jamieson** | § | |
| **Zaniewski a.k.a. Jamieson Hill,** | § | |
| | § | |
| *Counter-Defendants.* | § | |
| | § | |

## BITMAIN TECHNOLOGIES GEORGIA LIMITED'S MOTION TO
## WITHDRAW THE REFERENCE UNDER 28 U.S.C. § 157(d),
## FEDERAL RULE OF BANKRUPTCY PROCEDURE 5011,
## AND BANKRUPTCY LOCAL RULE 5011-1

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

Pursuant to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011, Bankruptcy Local Rule 5011-1, and the U.S. District Court for the Southern District of Texas's (the "***District Court***") *Order of Reference to Bankruptcy Judges* dated May 24, 2012 (the "***Order of Reference***"), Defendant and Counter-Plaintiff Bitmain Technologies Georgia Limited ("***Bitmain***") respectfully requests the District Court to withdraw the reference of this proceeding to the U.S. Bankruptcy Court for the Southern District of Texas (this "***Court***" or the "***Bankruptcy Court***").

## I.   <u>INTRODUCTION</u>

**1.**    This adversary proceeding no longer bears a meaningful nexus to bankruptcy jurisdiction. The underlying Chapter 11 case has been dismissed, the remaining claims arise entirely under state and federal non-bankruptcy law, and Plaintiff and Counter-Defendant Orb Energy Co. ("***Orb***") and Counter-Defendant Jamieson Zaniewski ("***Zaniewski***") have expressly withheld consent to final adjudication by this Court. As a result, this proceeding now consists of non-core claims that the Bankruptcy Court lacks authority to finally resolve absent consent. For these reasons, and because withdrawal will promote judicial efficiency, conserve resources, and avoid duplicative proceedings and *de novo* review, cause exists under 28 U.S.C. § 157(d) for the District Court to withdraw the reference.

**2.**     Contemporaneously with this Motion, Bitmain has filed a Motion to Compel Arbitration. The two motions are complementary and address alternative procedural paths depending on the scope of the Court's ruling on arbitrability. If the Bankruptcy Court compels arbitration as to both Orb and Zaniewski, this adversary proceeding may simply be stayed pending arbitration. If, however, arbitration is compelled only as to Orb, the remaining claims against Zaniewski—non-core claims as to which he has expressly withheld consent—cannot be finally adjudicated by the Bankruptcy Court. In that event, withdrawal of the reference is necessary to permit the District Court to adjudicate the Zaniewski claims directly, avoiding duplicative proceedings and *de novo* review. This Motion is therefore filed to ensure a procedurally coherent and efficient forum regardless of how the arbitration issues are resolved.

## II.     <u>JURISDICTION</u>

**3.**     The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1331, 1332, 1334(b) and 157 and the standing Order of Reference.

**4.**     Despite the dismissal of the debtor's underlying bankruptcy case, this Court still has jurisdiction over this adversary proceeding. "[S]ubject matter jurisdiction is determined as of the date of commencement of a suit." *Faulkner v. Kornman*, No. MC 10-301, 2015 WL 1061736, at *1 (Bankr. S.D. Tex. Mar. 6, 2015) (Isgur, J.) (citation omitted). Further, "if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." *Freeport–McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (citations omitted); *Carlton v. Baww, Inc.*, 751 F.2d 781, 785 (5th Cir. 1985) (citing *Rosado v. Wyman*, 397 U.S. 397, 405 n.6 (1970)). The Fifth Circuit ruled that "as a general rule the dismissal or closing of a bankruptcy case should result in the dismissal of related proceedings." *In re Querner*, 7 F.3d 1119, 1201 (5th Cir. 1993) (citations omitted). The Fifth Circuit reasoned that dismissal is favored "because the court's jurisdiction over the related proceedings depends upon the nexus between the underlying bankruptcy case and the related

proceeding." *Id.* (citation omitted). Notably, however, the Code does not mandate automatic dismissal of related proceedings upon the closing of an underlying bankruptcy. *See* 11 U.S.C. § 349. Thus, the Fifth Circuit found that "[t]he decision to retain jurisdiction over related proceedings rests within the sound discretion of the bankruptcy court." *Querner*, 7 F.3d at 1202 (citation omitted). In evaluating a bankruptcy court's decision to retain jurisdiction over related claims, the District Court must consider four factors: "economy, convenience, fairness, and comity." *Id.* (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353 (1988)). After the holding in *Querner*, the Fifth Circuit held that "if 'related to' jurisdiction actually existed…subsequent events cannot divest the district court of that subject matter jurisdiction." *In re Enron Corp. Sec.*, 535 F.3d 325, 335 (5th Cir. 2008) (quoting *In re Celotex Corp.*, 124 F.3d 619, 626 (4th Cir. 1997)). Based on Fifth Circuit precedent, the dismissal of Orb's underlying bankruptcy does not divest this Court of jurisdiction over this adversary proceeding. *See id.*

## III.   **RELEVANT FACTS**

**5.**    The Court has been presented with the relevant factual background of this dispute through prior filings. Accordingly, Bitmain will only reiterate those facts that are relevant to this Motion and incorporates by reference the allegations of fact and procedural history in ¶¶ 5–26 of *Bitmain Technologies Georgia Limited's Response in Opposition to Jamieson Zaniewski's Motion for Abstention* (the "***Response to Motion for Abstention***").[1] *See* Fed. R. Civ. P. 10(c); Fed. R. Bankr. P. 7010.

**6.**    This adversary proceeding originates from state court litigation in the 130th Judicial District of Matagorda County, Texas (the "***State Court***").

---

[1] Appx. at 2555 (Adv. No. 25-08003, ECF No. 15).

**7.** On April 7, 2025, Orb filed suit against Bitmain in the State Court, alleging breaches of the parties' agreements—the HSA and the Hosting Services Agreement (the "***Services Agreement***") (collectively, the "***Agreements***").[2]

**8.** On April 8, 2025, unaware that Orb had initiated an action the day prior, Bitmain filed suit for breach of contract and an emergency application for temporary restraining order and temporary injunction against Orb and its CEO, Zaniewski.[3] The parties subsequently agreed to consolidate the actions.[4]

**9.** Bitmain obtained a temporary restraining order (the "***TRO***") and later a temporary injunction.[5]

**10.** In the State Court proceeding, the parties filed various motions related to the Court's injunctive relief orders and Orb and Zaniewski's continued violation of such.[6]

**11.** Shortly before the hearing on the OSC Motion and Motion to Enforce set for August 11, 2025, at 9:00 a.m.,[7] Orb filed a voluntary Chapter 11 petition, initiating the underlying bankruptcy proceeding.[8]

---

[2] Appx. at 0108–17 (Adv. No. 25-08003, ECF No. 3-1).

[3] Appx. at 0123–33 (Adv. No. 25-08003, ECF No. 3-2); Appx. at 0137–48 (Adv. No. 25-08003, ECF No. 3-3).

[4] Appx. at 0307 (Adv. No. 25-08003, ECF No. 3-14).

[5] Appx. at 0288–91 (Adv. No. 25-08003, ECF No. 3-6); Appx. at 0309–12 (Adv. No. 25-08003, ECF No. 3-19).

[6] *See, e.g.*, Appx. at 0292–97 (Adv. No. 25-08003, ECF No. 3-11 (Bitmain's Emergency Motion for Issuance of a Show Cause Order, Motion for Contempt, and Motion for Sanctions)); Appx. at 0313–19 (Adv. No. 25-08003, ECF No. 3-22 (Orb's Verified Motion to Extend Temporary Injunction)); Appx. at 0330–47 (Adv. No. 25-08003, ECF No. 3-28 (Bitmain's Motion for Reconsideration of Temporary Injunction Extension)); Appx. at 0389–99 (Adv. No. 25-08003, ECF No. 3-35 (Bitmain's Motion for Issuance of a Show Cause Order, Motion for Contempt, and Motion for Sanctions (the "***OSC Motion***"))); Appx. at 0455–72 (Adv. No. 25-08003, ECF No. 3-39 (Bitmain's Emergency Motion to Enforce Court Orders, Request for Sanctions, and Application for Special Writ (the "***Motion to Enforce***"))).

[7] Appx. at 0452–53 (Adv. No. 25-08003, ECF No. 3-36); Appx. at 0600–01 (Adv. No. 25-08003, ECF No. 3-40).

[8] Appx. at 0603–611 (Adv. No. 25-08003, ECF No. 3-42).

**12.**     On August 5, 2025, Orb filed a motion under 11 U.S.C. § 365 to assume the (1) Hydro Cooling Container Hosting Sale Collaboration Term Sheet, (2) the HSA, and (3) the Services Agreement ("the ***Motion to Assume***").[9]

**13.**     On August 11, 2025, Bitmain removed the State Court action to this Court, initiating this adversary proceeding.[10]

**14.**     On August 25, 2025, Orb and Zaniewski filed their *Statement Under Fed. R. Bank. P. 9027(e)* (the "***Notice of Non-Consent***"), stating, "**Pursuant to Fed. R. Bankr. P. 9027(e) and Local Rule 9027-3, Orb and Zaniewski do not consent to the bankruptcy court's entry of a final order or judgment**."[11]

**15.**     On August 27, 2025, Bitmain filed its (**a**) *Emergency Motion (I) to Confirm Inapplicability of the Automatic Stay, (II) in the Alternative, for Relief from the Automatic Stay, (III) to Grant Access to Bitmain's Property, and (IV) for Related Relief* (the "***Motion to Confirm Stay Inapplicable***")[12] and its (**b**) *Response in Opposition to Debtor's Motion for Authority to Assume Integrated Executed Contracts and to Determine Cure Amount Pursuant to 11 U.S.C. § 365* in the Chapter 11 proceeding.[13]

**16.**     On September 19, 2025, Zaniewski filed his *Motion for Abstention under 28 U.S.C. § 1334(c)* (the "***Motion for Abstention***") in this adversary proceeding.[14]

**17.**     The Court held a three-day evidentiary hearing on the Motion to Assume, Motion to Confirm Stay Inapplicable, and other pending motions in the bankruptcy case on September 30, October 2, and October 8, 2025.

---

[9] Appx. at 0642–54 (Chapter 11 Case No. 25-80363, ECF No. 3).

[10] Appx. at 0831–36 (Adv. No. 25-08003, ECF No. 1).

[11] Appx. at 0837 (Adv. No. 25-08003, ECF No. 8, ¶ 4, p.1) (emphasis added).

[12] Appx. at 0839–65 (Chapter 11 Case No. 25-80363, ECF No. 13).

[13] Appx. at 1695–1709 (Chapter 11 Case No. 25-80363, ECF No. 14).

[14] Appx. at 2332–48 (Adv. No. 25-08003, ECF No. 10).

**18.**    On October 17, 2025, Bitmain filed its *First Amended Answer, Affirmative Defenses, and Counterclaim* in this adversary proceeding.[15] Bitmain asserts the following claims against Zaniewski: (**a**) unjust enrichment, (**b**) money had and received, (**c**) conversion, (**d**) negligence, (**e**) violation of the Texas Harmful Access by Computer Act, (**f**) violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030), and (**g**) violation of the Texas Theft Liability Act.[16] At that time, Bitmain did not assert any new causes of action against Orb because Orb's counsel argued that doing so would violate the automatic stay under 11 U.S.C. § 362(a).[17] While Bitmain disagreed with that position, Bitmain nevertheless limited its cause of action against Orb to the breach of contract claim originally asserted in the State Court proceeding prior to removal, while expressly reserving its rights to later assert additional claims against Orb.[18]

**19.**    That same day (October 17), Bitmain also filed its Response to the Motion for Abstention.[19] The Court thereafter held a scheduling conference[20] on October 22, 2025, during which it proposed to stay the adversary proceeding until the Court had issued its rulings on the Motion to Assume and Motion to Confirm Stay Applicable in the underlying bankruptcy case. The parties agreed, and the Court ordered that "all deadlines are abated pending the ruling in the main proceeding."[21] Consistent with that directive, the adversary proceeding has remained procedurally dormant, and the Motion for Abstention remains pending before the Court.

---

[15] Appx. at 2422–53 (Adv. No. 25-08003, ECF No. 14, pp. 22–29).

[16] Appx. at 2443–50 (Adv. No. 25-08003, ECF No. 14, pp. 22–28).

[17] Appx. at 2451 (Adv. No. 25-08003, ECF No. 14, p. 30).

[18] *Id.*

[19] Appx. at 2568–89 (Adv. No. 25-08003, ECF No. 15).

[20] *See* Fed. R. Bankr. P. 7016; Fed. R. Civ. P. 16.

[21] Appx. at 2310 (Adv. No. 25-08003, ECF No. 20).

**20.** On December 15, 2025, the Court entered its *Memorandum Opinion* in the Chapter 11 proceeding, holding "that the HSA was terminated prepetition and that the automatic stay d[id] not apply to Bitmain's property that [was] in Orb's possession, custody, or control."[22] The Court set a status conference for December 17, 2025, "to determine how to proceed with the administration of this case in light of its ruling that the automatic stay does not apply to Bitmain's property that is in Orb's possession, custody, or control and to discuss the form of order needed to reflect the Court's ruling in the Memorandum Opinion."[23]

**21.** Two days later, shortly before the status conference on December 17, 2025, Orb filed its *Emergency Motion to Dismiss Bankruptcy Case* (the "***Emergency Motion to Dismiss***").[24]

**22.** At the status conference, the Court encouraged Bitmain and Orb to confer on a proposed form reflecting its ruling in the Memorandum Opinion and addressing Orb's Emergency Motion to Dismiss.[25]

**23.** Later that day, Bitmain and Orb filed a proposed *Combined Agreed Order on (1) Bitmain Technologies Georgia Limited's Motion to (I) to Confirm Inapplicability of the Automatic Stay, (II) in the Alternative, for Relief from the Automatic Stay, (III) to Grant Access to Bitmain's Property, and (IV) for Related Relief [ECF No. 13]; (2) Debtor's Motion for Authority to Assume Integrated Executory Contracts and to Determine Cure Amount Pursuant to 11 U.S.C. § 365 [ECF No. 3]; and (3) Debtor's Emergency Motion to Dismiss Bankruptcy Case [ECF No. 110]* (the "***Order***").[26]

---

[22] Appx. at 2931 (Chapter 11 Case No. 25-80363, ECF No. 105, p. 22).

[23] Appx. at 2932 (Chapter 11 Case No. 25-80363, ECF No. 106).

[24] Appx. at 2933–37 (Chapter 11 Case No. 25-80363, ECF No. 110).

[25] Appx. at 2939 (Chapter 11 Case No. 25-80363, ECF No. 112).

[26] Appx. at 2941–44 (Chapter 11 Case No. 25-80363, ECF No. 117).

**24.**     The next day, on December 18, the Court signed and entered the Order, thereby, among other things, dismissing the bankruptcy proceeding.[27]

## IV.   <u>ARGUMENT AND AUTHORITIES</u>

**25.**     Pursuant to 28 U.S.C. § 157(d), the District Court may withdraw the reference, in whole or in part, of any case or proceeding for cause. 28 U.S.C. § 157(d). Although § 157(d) does not define "cause," the Fifth Circuit has directed courts to consider the following factors in assessing whether cause exists:

> (1) whether the underlying lawsuit is a core or non-core proceeding; (2) whether promotion of uniformity in bankruptcy administration will be achieved; (3) whether forum shopping and confusion will be reduced; (4) whether there will be economical use of debtors' and creditors' resources; (5) whether withdrawal of reference will expedite the bankruptcy process; and (6) whether a party has demanded a jury trial.

*Guffy v. Brown (In re Brown Med. Ctr., Inc.)*, 578 B.R. 590, 595 (Bankr. S.D. Tex. 2016) (citing *Holland Am. Ins. Co. v. Roy*, 777 F.2d 992, 999 (5th Cir. 1985)). Moreover, cause "can exist only if premised upon a 'sound articulated foundation.'" *Vela v. Enron Oil & Gas Co.*, 2007 WL 1564562, at *2 (S.D. Tex. May 29, 2007) (quoting *Holland Am.*, 777 F.2d at 998).

**26.**     Under Federal Rule of Bankruptcy Procedure 5011(a), a motion to withdraw the reference "must be heard by a district judge." FED. R. BANKR. P. 5011(a). However, under Bankruptcy Local Rule 5011-1, "[u]nless the district court orders otherwise, the matter will first be presented to the bankruptcy judge for recommendation." BANKR. L.R. 5011(c).

**27.**     The applicable factors weigh in favor of withdrawal of the reference.

**28.**     ***First***, the adversary proceeding now consists entirely of non-core matters. Although Congress has not precisely defined "core" or "non-core," § 157(b)(2) provides a non-exclusive list of core proceedings, which includes, among other things, "matters concerning the administration of the estate." 28 U.S.C. § 157(b)(2)(A).

---

[27] Appx. at 2945–48 (Chapter 11 Case No. 25-80363, ECF No. 118).

**29.**     The Fifth Circuit has also provided guidance for determining whether a proceeding is core: "We hold, therefore, that a proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987). A proceeding that does not meet this test is non-core. *Id.* ("The proceeding before us does not meet this test, and accordingly, is a non-core proceeding.").

**30.**     Here, the underlying Chapter 11 case has been dismissed, eliminating any ongoing bankruptcy administration, so the parties' claims and counterclaims no longer fall within the scope of core bankruptcy matters. Moreover, applying the Fifth Circuit's guidance in *Wood*, a proceeding is "core" only if it either (1) invokes a substantive right created by Title 11, or (2) could arise only in the context of a bankruptcy case. *Id.* The claims and counterclaims in this adversary proceeding arise under state and federal law independent of the Bankruptcy Code and could exist entirely outside the context of bankruptcy. Accordingly, these claims are non-core.

**31.**     Even if this proceeding consisted of both core and non-core claims, courts have held that "[w]here an adversary proceeding encompasses both," "withdrawal of the reference is appropriate because it promotes judicial efficiency." *Brown Med.*, 578 B.R. at 597 (citations omitted) (citing *Mirant Corp. v. The Southern Co.*, 337 B.R. 107, 122 (N.D. Tex. 2006)) ("Adjudicating all of the claims, both core and non-core, in the District Court eliminates the prospect of an appeal…and dispenses the need for the District Court to conduct a *de novo* review….").

**32.**     Resolution of these claims also requires substantial consideration of non-bankruptcy legal principles and remedies beyond the authority of the Bankruptcy Court. Although Bitmain consented to the entry of final orders and judgments by the

Bankruptcy Court on any non-core matters, Orb and Zaniewski refused to consent.[28] Because the claims are non-core and the parties have not all consented to final adjudication in the Bankruptcy Court, the Bankruptcy Court cannot enter final judgment on these claims. 28 U.S.C. § 157(c)(1); *In re BP RE, L.P.*, 735 F.3d 279, 285–56 (5th Cir. 2013); *In re Josiah Trucking, LLC*, No. 21-70009, 2021 WL 8016835, at *5 (Bankr. S.D. Tex. May 13, 2021), *recommendation adopted sub nom. Curtis v. L. Off. of Rogelio Solis, PLLC*, No. 21-CV-00187, 2022 WL 18911509 (S.D. Tex. Dec. 8, 2022) ("[O]nly a district court can enter final orders and judgments without consent of the parties.") (citations and internal quotation marks omitted). This lack of consent further supports withdrawal of the reference under § 157(d) and underscores that the District Court is the proper forum for adjudicating the parties' claims.

33.     ***Second***, neither withdrawal nor retention promotes or impairs uniformity in bankruptcy administration. The underlying Chapter 11 case has been dismissed, so no bankruptcy administration remains. While it is true that the Court is familiar with the parties and the underlying factual and procedural history by virtue of the now-dismissed bankruptcy case, this familiarity alone does not justify retaining jurisdiction over claims that are non-core and arise outside the bankruptcy context, despite Bitmain's preference to keep this case in the Bankruptcy Court. *See, e.g.*, *Josiah Trucking*, 2021 WL 8016835, at *6 ("[W]hile this Court is familiar with the facts of the case, the parties, and the underlying bankruptcy case, this Court's involve-ment [sic] has not been so extensive that withdrawal of the reference would disrupt uniformity…. [M]otion[s]…and answers thereto have already been filed, but not yet heard or decided.").

---

[28] Appx. at 0837 ("Pursuant to Fed. R. Bankr. P. 9027(e) and Local Rule 9027-3, Orb and Zaniewski do not consent to the bankruptcy court's entry of a final order or judgment.") (Adv. No. 25-08003, ECF No. 8, ¶ 4, p. 1).

**34.**     The adversary proceeding was removed to this Court less than five months ago and has not progressed beyond its earliest stages. At the October 22, 2025 scheduling conference,[29] the Court abated all deadlines and declined to proceed with any substantive matters in the adversary proceeding until it had issued its rulings on the motions pending in the underlying bankruptcy case.[30] As a result, the Court has not engaged in any substantive adjudication of the claims, and its involvement has not been so extensive that withdrawal of the reference would disrupt uniformity. Indeed, the only motion pending before the Court prior to the filing of this Motion is the Motion for Abstention,[31] which has not yet been heard or decided. *In re EbaseOne Corp.*, No. 01-31527-H4-7, 2006 WL 2405732, at *4 (Bankr. S.D. Tex. June 14, 2006) ("This Court has not focused on any procedural or substantive issues in this Adversary Proceeding other than National's Motion to Withdraw Reference…. The absence of disruption argues in favor of the District Court withdrawing the reference.").

**35.**     Further (and most importantly,) because the Court cannot enter final orders due to Orb and Zaniewski's non-consent,[32] the Court should find that this factor weighs in favor of withdrawal. *See Josiah Trucking*, 2021 WL 8016835, at *6 (analyzing uniformity factor and stating that "because this Court cannot enter final orders due to Defendants' non-consent, this Court recommends finding that this factor weighs in favor of withdrawal").

**36.**     ***Third***, withdrawal does not promote forum shopping. "Forum shopping may appear if the moving party has participated in the underlying bankruptcy case and unfavorable rulings have been made against it." *Id.* (citation omitted). Although

---

[29] *See* Fed. R. Bankr. P. 7016; Fed. R. Civ. P. 16.

[30] Appx. at 2310 (Adv. No. 25-08003, ECF No. 20).

[31] Appx. at 2332–48 (Adv. No. 25-08003, ECF No. 10).

[32] Appx. at 0837 (Adv. No. 25-08003, ECF No. 8, ¶ 4, p. 1).

Bitmain participated in the underlying bankruptcy case, the bankruptcy case is now closed and Bitmain's decision to seek withdrawal does not stem from any unfavorable ruling of the Court, dispelling typical forum shopping concerns. *See id.* Moreover, because this dispute is now a non-core proceeding, if the Bankruptcy Court were to adjudicate the claims, it would submit recommended findings of fact and conclusions of law to the District Court, which would then conduct a *de novo* review before entering final judgment. In similar circumstances, the Bankruptcy Court has held that withdrawal of the reference allows the dispute to be resolved efficiently and does not constitute forum shopping:

> Under these circumstances, National's Motion to Withdraw Reference does not constitute forum shopping. Indeed, National's Motion…appears to be nothing more than a reasonable effort to have a non-core proceeding litigated with a minimum of time and expense. It would certainly be more efficient and less costly for the District Court to adjudicate the dispute once and for all rather than for this Bankruptcy Court to hold a trial and then for the District Court to review the findings and conclusions on a *de novo* basis.

*EbaseOne Corp.*, 2006 WL 2405732, at *4 (citing *Mirant Corp.*, 337 B.R. at 122).

**37.    *Fourth***, for the reasons identified above, withdrawal of the reference will promote judicial efficiency and conserve resources of the parties and the Courts. Because the underlying Chapter 11 case has been dismissed and the parties' claims are non-core, adjudicating the matter in the District Court will allow the dispute to be resolved once and for all in a single forum, rather than requiring the Bankruptcy Court to conduct a trial and the District Court to perform a full *de novo* review of the findings. This streamlined process avoids the additional layer of proceedings inherent in retaining non-core matters in the Bankruptcy Court. Furthermore, neither the parties nor the Court have devoted significant time or resources litigating this adversary proceeding. Orb, in particular, has been entirely silent and Bitmain did not assert any new causes of action against Orb because Orb's counsel contended that doing so would violate the automatic stay under 11 U.S.C. § 362(a). Beyond this

13

Motion, the pending Motion for Abstention—which has not yet been heard or decided—the parties have not invested significant resources in this proceeding before this Court. Therefore, this factor weighs in favor of withdrawal.

38.     **Fifth**, neither withdrawal nor retention will expedite or slow the bankruptcy process, as the underlying bankruptcy proceeding has been dismissed.[33] Additionally, because this is not a jury trial, there is no reason to believe that the time to trial in District Court will differ meaningfully from what it would be in Bankruptcy Court.

39.     **Sixth**, the presence of a jury demand is not implicated in this proceeding, as there is no jury demand.

40.     In sum, the applicable factors under 28 U.S.C. § 157(d) weigh in favor of withdrawal. The underlying bankruptcy case has been dismissed, this adversary proceeding now consists of non-core claims, and the Bankruptcy Court cannot enter final judgment due to the lack of consent from all parties. Withdrawal will promote judicial efficiency, conserves the parties and the Courts' resources, and does not implicate forum shopping concerns. The remaining factors—relating to the effect on the bankruptcy process and the absence of a jury demand—are neutral. Accordingly, cause exists to withdraw the reference.

## V.   <u>ALTERNATIVE RELIEF</u>

41.     Bitmain is not opposed to—and in fact prefers—alternative forms of relief that maintain the Bankruptcy Court's involvement in pre-trial matters. Specifically, Bitmain supports withdrawal of the reference conditioned upon the Bankruptcy Judge's certification that the parties are ready for trial, or withdrawal with a referral of all pre-trial matters back to the Bankruptcy Judge for resolution or recommendation. *See, e.g.,* 28 U.S.C. § 157(c)(1) (authorizing bankruptcy courts to hear non-core proceedings and submit proposed findings and conclusions to the

---

[33] Appx. at 2945–48 (Chapter 11 Case No. 25-80363, ECF No. 118).

14

district court). These options align with the Fifth Circuit's emphasis on economical use of resources and expediting the process, as they leverage the Bankruptcy Court's familiarity with the underlying case while ensuring final adjudication in the District Court. *See Holland Am.*, 777 F.2d at 999. Indeed, allowing a Bankruptcy Court familiar with the facts to "adjudicate the proceeding will promote uniformity in the bankruptcy administration." *In re British Am. Props. III, Ltd.*, 369 B.R. 322, 327 (Bankr. S.D. Tex. 2007); *In re MPF Holding US LLC*, No. 08-36084-H4-11, 2013 WL 12146958, at *2 (Bankr. S.D. Tex. Apr. 26, 2013) (citation omitted).

## VI.   **CONCLUSION**

**42.**   For the reasons set forth above, Bitmain respectfully requests that the Court recommend that the District Court grant the Motion and withdraw the reference of the adversary proceeding. Bitmain further requests that the Court grant such other relief as is just and proper.

Respectfully submitted,

By: */s/ Jacob Sparks*

    **JACOB SPARKS**
Texas Bar No. 24066126
Email: Jacob.Sparks@NelsonMullins.com
**XENNA K. DAVIS**
Texas Bar No. 24132037
Email: Xenna.Davis@NelsonMullins.com
**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
5830 Granite Parkway, Suite 1000
Plano, Texas 75024
Tel: (469) 484-4758
Fax: (469) 828-7217

**KASI CHADWICK**
Texas Bar No. 24087278
Email: Kasi.Chadwick@NelsonMullins.com
**MIRANDA GRANCHI**
Texas Bar No. 24120862
Email: Miranda.Granchi@NelsonMullins.com
**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
1111 Bagby Street, Suite 2100
Houston, Texas 77002
Tel: (346) 646-3221
Fax: (346) 241-3748

*Attorneys for Bitmain Technologies Georgia Limited*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served through the Bankruptcy Court's electronic filing system on February 9, 2026, on persons who have appeared in this case.

By: */s/ Jacob Sparks*
    **JACOB SPARKS**

16